spondent, v. The Same, Appellant. James W. E. Roby, Respondent, v. The Same, Appellant. First National Bank of Jeannette, Pa., Respondent, v. The Same, Appellant. First National Bank of Birmingham, Pa., Respondent, v. The Same, Appellant.—Orders reversed, with ten dollars costs and disbursements, and the motions to vacate the attachments granted, with ten dollars costs in each case.—

PER CURIAM: These five cases are presented upon substantially the same state of facts as were before this court in the case of *Chambers & McKee Co. v. Roberts*, recently decided (4 App. Div. 20), in which case the warrants of attachment had been vacated and the order was affirmed by us. It is insisted here that additional facts have been made to appear. These facts are stated in the affidavit of Van Horn which we have considered. But the facts therein stated do not change the aspect of the case as formerly presented to us, or require or permit any change in the result. The orders should be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs in each case. Present — Barrett, Rumsey, Williams, Patterson and Ingraham, JJ.

In the Matter of John Turl, Deceased.— Order affirmed, with ten dollars costs and disbursements.—

PER CURIAM: This order should be affirmed upon the authority of *Matter of Livingston* (1 App. Div. 568) from which we do not think it is distinguishable. This order should be affirmed, with ten dollars costs and disbursements. Present — Barrett, Rumsey, Williams, Patterson and Ingraham, JJ.

Marie Brunner, Respondent, v. Max Kaempfer, Appellant.— Motion for reargument denied, with ten dollars costs.—

PER CURIAM: The decision of the court found that the defendant paid the stipulated royalty, and on the trial of the action further accounted for his sales to and including the 20th day of April, 1895. The judgment ordered no accounting and directed no recovery by the plaintiff against the defendant, which would have followed had anything been due on such an accounting in court. There is nothing, therefore, to entitle the plaintiff to any judgment, as it did not appear that there was anything due from the defendant to the plaintiff on the accounting, and as nothing was due, plaintiff was not entitled to enter judgment in such an action if brought. There is no finding and no evidence that the defendant had ever threatened to manufacture these belts when the elastic on hand January 1, 1895, had been used up, and the court below held that he had a right to manufacture such elastic into belts. Nor is there the slightest justification for saying that under the agreement plaintiff had any right to royalties before the belts were actually manufactured. If plaintiff had been dissatisfied with the judgment as directed by the court, as to the right to manufacture the elastic on hand, she should have appealed. As she did not appeal, and on the decision rendered the defendant was entitled to a judgment, this court could do nothing except direct such judgment. The injunction was entirely unauthorized by anything that appeared in the decision, and upon the decision as filed the defendant was entitled to judgment. Motion for reargument is, therefore, denied, with ten dollars costs. Present — Van Brunt, P. J., Williams, Patterson, O'Brien and Ingraham, JJ.

In the Matter of John Strobel, Deceased.— Order affirmed, with ten dollars costs and disbursements.—

PER CURIAM: We agree with the conclusion arrived at by the learned surrogate that the tax in question is not a detraction tax, but a succession tax, and that the appellant has no more right to complain of the succession tax than he would have of the ordinary annual tax upon property which is imposed by the statute. He is treated precisely the same as our own citizens are treated, receiving precisely what they receive. He certainly ought not to be entitled to receive more than they do. All that is granted to him by the treaty is that the property to which he succeeds under the laws of the State shall not be taxed when he comes to take the property or its proceeds out of the State. — The order should be affirmed, with ten dollars costs and disbursements. Present — Barrett, Rumsey, Williams, Patterson and Ingraham, JJ.

William J. Stenson, Jr., Respondent, v. Joseph Koch, Appellant.— Judgment affirmed, with costs. Appeal from order dismissed.—

INGRAHAM, J.: The question presented in this case is as to the constitutionality of chapter 601 of the Laws of 1895, and as we have held in the case of *Koch v. The Mayor*, decided herewith (*ante*, p. 276), that such act is constitutional, it follows that the judgment in this case must be affirmed. There seems to be an appeal taken from the decision of the court upon which the judgment sustaining the demurrer was entered. As no appeal from such a decision lies that appeal must be dismissed.— Van Brunt, P. J., Williams, Patterson and O'Brien, JJ., concurred.

Hyman Spektorsky et al., Respondents, v. American New System Carbonating and Dispensing Apparatus Company; Peter E. Malmstrom et al., Appellants.— Order affirmed, with costs, but without prejudice to the right of the appellants to bring action, etc.—

PER CURIAM: The appeal from the order denying motion for reargument must be dismissed. The motion to open this default was properly denied. It is always in the discretion of the court in such a case as this whether the parties shall be permitted to litigate the questions presented by affidavits, or whether they shall be put to an action. It is usually more desirable, where that course can be pursued, that relief of this kind should be sought by action where the disputed questions of fact can be decided upon oral testimony after the cross-examination of the witnesses, and not upon affidavits. The order denying the motion to open the default must, therefore, be affirmed, without prejudice to the right of the appellants to bring an action to enjoin the enforcement of the judgment and for such other relief as they may be entitled to. Present — Barrett, Rumsey, Williams, Patterson and Ingraham, JJ.

John F. Spaulding and Others, Respondents, v. American Wood Board Company. Appellant.— Motion for reargument denied, with ten dollars costs.—

PER CURIAM: It was not intended to express in the opinion the view that the motion to change the place of trial was not made within the number of days allowed by the Code to serve notice of such a motion. We held, what we still think is the true rule, that as a matter of strict legal right the demand must accompany the answer, as provided by section 986 of the Code, and the answer itself must be served in time. In other words, if default has been made in answering, the subsequent service of the answer on the opening of such default or the receipt of the answer by consent of the attorney does not restore the party in default to a

position where he can insist, as a matter of strict legal right, that the place of trial must be changed. Motion denied, with ten dollars costs. Present — Van Brunt, P. J., Williams, Patterson, O'Brien and Ingraham, JJ.